■ In the Matter of JOHN A., Appellant, v DONNA V. et al., Respondents. In the Matter of PRESTON S. et al., Respondents, v DONNA V. et al., Respondents. [665 NYS2d 231] —Order unanimously reversed on the law without costs and matter remitted to Steuben County Family Court for further proceedings in accordance with the following Memorandum: Petitioner John A. (father) appeals from an order that awarded custody of his 11-year-old son, Raymond, to petitioners Preston and Tina S., Raymond's maternal uncle and aunt, suspended all visitation between the father and Raymond, and implicitly denied the father's petition for custody of Raymond.

In February 1993, Raymond was living with his father and his father's girlfriend in Allegany County when five petitions under Family Court Act article 10 were filed involving Raymond and his younger half-brother. One petition alleged that the father's girlfriend sexually abused Raymond, two alleged that she neglected the boys, and two alleged that the father neglected the boys. Raymond and his half-brother were removed to the home of the girlfriend's parents pursuant to a temporary order. The record contains orders of Allegany County Family Court on the neglect petitions stating that the father and his girlfriend both admitted neglecting the children, but the record is silent with respect to the underlying facts. By dispositional order of Allegany County Family Court entered September 8, 1994, the girlfriend's parents were awarded custody of the boys for one year, under the supervision of the Steuben County Department of Social Services inasmuch as the custodians resided in Steuben County. The order also gave the father and his girlfriend visitation rights.

Two days before the entry of that dispositional order, the father filed a petition in Steuben County Family Court under article 6 of the Family Court Act seeking custody or visitation with Raymond. The respondents were the custodians designated by Allegany County Family Court. The parties appeared initially in Steuben County Family Court without counsel on December 2, 1994. They appeared with counsel on January 12,

1995. On June 15, 1995, the attorneys (without their clients) appeared with the Law Guardian who had represented Raymond in the neglect proceeding.

At a court appearance on April 25, 1996, more than 1½ years after the father's petition was filed, Steuben County Family Court was advised by the custodians' attorney that new custodians would have to be found for Raymond because there were "conflicts" in the current situation. The custodians suggested that the maternal uncle and aunt, who lived in Orleans County, be awarded custody of Raymond. That custodial arrangement was also recommended by the Steuben County Department of Social Services. Although the court had no custody petition from the uncle and aunt before it and it took no testimony under oath, the court orally agreed to give the uncle and aunt temporary custody of Raymond, to be made permanent when the court received a "favorable report" on the uncle and aunt. Four days after the April 25, 1995 court appearance and oral order, the uncle and aunt filed a petition in Steuben County Family Court for custody of Raymond. No court appearance was ever made on that petition.

By order entered May 14, 1996, determining both custody petitions, the court awarded the uncle and aunt custody of Raymond, suspended the father's visitation rights with Raymond with leave to renew "when Raymond's mental health condition would so warrant" and directed the uncle and aunt to cooperate with the Steuben and Orleans County Departments of Social Services.

The only brief on this appeal was filed by the father's counsel. We have been informed by letter that the girlfriend's parents, who are respondents in both custody petitions, take no position inasmuch as one of them is currently on probation in Steuben County under an order prohibiting unsupervised contact with children. The uncle, who currently has custody, appeared *pro se* at oral argument but did not file any response to the father's brief.

The court erred in awarding the uncle and aunt custody of Raymond and in denying the father's petition for custody or visitation without conducting an evidentiary hearing. The father's right to custody is superior to that of nonparents in the absence of "a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstances which would drastically affect the welfare of the child" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 549). The placement by Allegany County Family Court

expired by its terms in September 1995, and it does not appear from this record that any further action in the neglect matter was taken by either the Allegany or Steuben County Department of Social Services to protect Raymond. Because there is no evidentiary support in the record for the court's order, we are constrained to reverse it and remit the matter for an immediate hearing on the custody petitions. Inasmuch as Raymond no longer resides in Steuben County, we direct Steuben County Family Court to transfer this matter to the Family Court of the county in which the child currently resides forthwith for further proceedings consistent with this Court's decision. (Appeal from Order of Steuben County Family Court, Purple, Jr., J.—Custody.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.